**FILED**
**U.S. District Court**
**District of Kansas**
05/14/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH L. RICLEY,

    **Plaintiff,**

    v.                                 **CASE NO. 26-3108-JWL**

GEORGE NAYLOR, JR., et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff filed this civil rights action on April 7, 2026, in the District Court of Anderson County, Kansas.  (Doc. 1–1.)  The matter was removed to this Court on April 30, 2026, pursuant to 28 U.S.C. §§ 1441 and 1446.  (Doc. 1.)  Although the Notice of Removal listed Plaintiff's address as the Anderson County Jail in Garnett, Kansas, it appears that Plaintiff was released from custody prior to removal.[1]  This matter is before the Court on the Motion to Withdraw as Attorney (Doc. 6).

Attorney William L. Townsley, III, moves the Court for an order allowing him to withdraw his appearance as counsel for Defendants Elesha Bettinger and Joshua Wang.[2]  (Doc. 6, at 1.)  Counsel indicates that he was only retained to represent Defendants George Naylor, Jr., and Kurt King, and that the entry of appearance and subsequent removal documents incorrectly included Defendants Bettinger and Wang.  Counsel argues that it is not necessary to advise Defendants Bettinger and Wang of his withdrawal or to otherwise comply with D. Kan. Rule 83.5.5(a)

---

[1] Although Plaintiff listed the Anderson County Jail as his address on his Complaint, elsewhere in his Complaint he states that he was released after he filed a grievance with the Sheriff and the Sheriff called the judge.  (Doc. 1–1, at 2, 6.)

[2] Although the Defendant is referred to as Joshua Wang in the pleadings, the motion to withdraw refers to his surname as both Wong and Wang.  *See id*. at 2.  Defendants also refer to Defendant Elesha Bettinger as Elisha in the Notice of Removal and motion.  *See* Docs. 1, 6.

"because those requirements only apply when an attorney withdraws from representing a 'client'" and Bettinger and Wang have never been "clients," and are unaware of the erroneous entry of appearance.  (Doc. 6, at 2.)

The Court denies the motion without prejudice to refiling the motion after compliance with the notice requirement in D. Kan. Rule 83.5.5(a) (withdrawal of attorney whose client will be left without counsel) or (b) (withdrawal of attorney whose client continues to be represented by other counsel of record).  Although attorney Terry J. Solander entered his appearance in state court on April 8, 2026, the Entry of Appearance does not indicate for whom he is entering an appearance. *See* Doc. 1–2, at 9.  The Court is not certain that Defendants Bettinger and Wang are unaware of the erroneous entry of appearance by Mr. Townsley.  It appears that pleadings in this case were mailed to Plaintiff at the Anderson County Jail, and Defendant Wang was referred to as Anderson County Jail staff.[3]  It is also unclear whether or not Defendants Wang and Bettinger are represented by Mr. Solander and received notice through him as their attorney.  Compliance with the notice required by the Local Rule will ensure that no party is prejudiced by any possible confusion about the removal and their requirements.  The Court is denying the motion without prejudice to refiling after compliance with the Local Rule's notice requirements.

The Court is also concerned that Plaintiff is unaware of the removal.  The statute setting forth the procedure for removal of civil actions provides:

> **(d) Notice to adverse parties and State court**.—Promptly  after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall  proceed no further unless and until the case is remanded.

---

[3] Plaintiff's Complaint names as defendant Jousha [sic] Wang Anderson County Jail and refers to him as Anderson County Jail staff.  (Doc. 1–1, at 1, 3.)   Plaintiff refers to Defendant Elesha Bettinger as "landlord," and Elesha F. Bettinger is named as a witness in the complaint in Plaintiff's state court criminal case.  *See State v. Ricley*, Case No. AN-2026-CR-000051 (District Court of Anderson County, Kansas) (filed April 6, 2026).

28 U.S.C. § 1446(d).  The Certificate of Service for the Notice of Removal states that a copy of the Notice of Removal was mailed to Plaintiff at the Anderson County Jail.  (Doc. 1, at 3.) However, it is clear that Plaintiff was no longer housed at the Anderson County Jail when the Notice of Removal was filed.  In his original complaint filed in state court on April 7, 2026, Plaintiff indicates that he had already been released.  *See* Doc. 1–1, at 6) ("I made a grievance to the sheriff he called the judge and released me.")  The Court will grant Defendants an opportunity to cure the deficiency by submitting a certificate of service certifying that Plaintiff has been served with a copy of the Notice of Removal at his current address.

**IT IS THEREFORE ORDERED BY THE COURT** that the Motion to Withdraw as Attorney (Doc. 6) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Defendants shall have until **May 29, 2026,** to file a certificate of service certifying that Plaintiff has been served with a copy of the Notice of Removal at his current address.

**IT IS SO ORDERED**.

**Dated May 14, 2026, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**