**FILED**
**U.S. District Court**
**District of Kansas**
07/17/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JOSEPH L. RICLEY,

      **Plaintiff,**

      v.                         **CASE NO. 26-3108-JWL**

GEORGE NAYLOR, JR., et al.,

      **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff filed this civil rights action on April 7, 2026, in the District Court of Anderson County, Kansas. (Doc. 1–1.) The matter was removed to this Court on April 30, 2026, pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1.) Although the Notice of Removal listed Plaintiff's address as the Anderson County Jail in Garnett, Kansas, the Court found in its May 14, 2026 Memorandum and Order (Doc. 7) that it was clear that Plaintiff was no longer housed at the Anderson County Jail when the Notice of Removal was filed.[1] (Doc. 7, at 3.) The Court directed Defendants to file a certificate of service certifying that Plaintiff had been served with a copy of the Notice of Removal at his current address. *Id* On May 15, 2026, counsel served the removal pleadings on Plaintiff at his current address. (Doc. 8.) On May 18, 2026, the Court mailed Plaintiff a courtesy copy of the Court's Memorandum and Order at Doc. 7 and a current docket sheet to Plaintiff's current address of record—25614 N.W. Montana Road, Garnett, KS 66032. On June 15, 2026, the mail was returned to the Court with a notation that it was undeliverable and "unable to forward." (Doc. 15.)

---

[1] Although Plaintiff listed the Anderson County Jail as his address on his Complaint, elsewhere in his Complaint he states that he was released after he filed a grievance with the Sheriff and the Sheriff called the judge. (Doc. 1–1, at 2, 6.)

The Montana Road address is listed as Plaintiff's address in the April 7, 2026 order granting his release on bond in his state court criminal proceedings. *See State v. Ricley*, Case No. AN-2026-CR-000051 (District Court of Anderson County, Kansas). The docket for the case does not reflect that he has been taken back into custody. *Id*. It is also the same address Plaintiff used in his "Voluntary Notice of Dismissal of Defendants Elesha Bettinger and Joshua Wang," filed on May 13, 2026, in his Anderson County case after that case was removed to this Court. *See Ricley v. Naylor*, Case No. AN-2026-CV-000019 (District Court of Anderson County, Kansas).

On June 16, 2026, the Court entered an Order to Show Cause (Doc. 16) ("OSC") granting Plaintiff until July 16, 2026, in which to show good cause why this case should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). The OSC was mailed to Plaintiff at the Montana Road address and was returned to the Court as undeliverable. (Doc. 17.)

The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk of any change of address or telephone number." D. Kan. Rule 5.1(b)(3). The Federal Rules of Civil Procedure provide that a paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is

2

not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to provide the Court with a Notice of Change of Address and has failed to respond to the OSC by the Court's deadline. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to prosecute and failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated July 17, 2026, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**